IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00362-BNB

KARA LOUNSBURY,

    Plaintiff,

v.

DOUGLAS DARR, Sheriff (sued in his individual & official capacity),
UNKNOWN PARTY, Deputy Sheriff (sued in his individual & official capacity),
UNKNOWN PARTY, Lieutenant Sheriff (sued in his individual & official capacity),
MELANIE GREGORY, Technical Services Manager (sued in her individual & official
    capacity),
STERRITT FULLER, Programs Coordinator (sued in his individual & official capacity),
UNKNOWN PARTIES, Sheriff's Deputies (sued in their individual & official capacities),
UNKNOWN PARTY, Mail Room Supervisor (sued in his individual & official capacity),
LINDER, Mail Room Technician (sued in his individual & official capacity),
OFFICER HAJAO, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER JACOBUCCI, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER CALDWELL, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER FOSTER, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER ROGERS, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER MEEKS, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER STACK, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER LOPEZ, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER ROTH, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER KONDOS, Sheriff's Deputy (sued in his individual & official capacity),
ADAMS COUNTY DETENTION FACILITY (ACDF), Jail Facility,
ADAMS COUNTY SHERIFF'S OFFICE (ACSO), Sheriff's Office, and
ADAMS COUNTY MUNICIPAL GOVERNMENT (ACMG), County of Adams, Colorado,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Kara Lounsbury, is in the custody of the Colorado Department of Corrections (DOC). She is incarcerated currently at the Women's Correctional Facility in Denver, Colorado. Ms. Lounsbury filed *pro se* a Complaint pursuant to 28 U.S.C.

§ 1343 and 42 U.S.C. § 1983 asserting a deprivation of her constitutional rights while she was a pre-trial detainee.  She has paid the filing fee in this action.

The Court must construe the Complaint liberally because Ms. Lounsbury is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, his poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

The alleged misconduct giving rise to Ms. Lounsbury's § 1983 Complaint occurred while she was a pre-trial in the Adams County Detention Facility.  In claims one, two, seven, eight, nine and fourteen, Plaintiff asserts that she was deprived of humane conditions of confinement based on: inadequate plumbing and sanitation, including exposure to human sewage and mice infestation in the D-2 housing unit; denial of basic hygiene items, including toilet paper and sanitary napkins; denial of fresh air and exercise; inadequate ventilation and temperature control within the housing unit; over-crowding, which forced her to live with inmates suffering sever mental health problems, and, deprivation of adequate medical care for her chronic orthopedic conditions.  In claim three, Ms. Lounsbury asserts that Defendants interfered with her First Amendment free exercise rights by denying her a religious diet, Bible and other religious publications.  Plaintiff's fourth and six claims assert that Defendants interfered with her First Amendment right of association by restricting visitation with friends and

family to a thirty-minute video conference every other week and placing high fees on local calls to persons outside the jail.   In her fifth claim, Ms. Lounsbury  asserts that Defendants denied her any outside publications.  In claim ten, she challenges her housing unit assignment as a violation of due process and equal protection.  In claim eleven, Plaintiff asserts that she was subjected to unlawful strip and cell searches that were unrelated to a legitimate security interest. Claim twelve alleges that Defendants interfered with Plaintiff's Sixth Amendment right to counsel by monitoring legal visits via video camera.  And, finally, in claim thirteen, Ms. Lounsbury asserts that she was denied her constitutional right of access to the courts when Defendants interfered with her ability to conduct legal research for her civil rights complaint. Plaintiff seeks declaratory and monetary relief against the Defendants for violation of her constitutional rights.

Defendants Adams County Detention Facility and Adams County Sheriff's Office are improper parties to this action.  The detention facility and the sheriff's department are not separate from the local government of Adams County, Colorado, and, therefore those entities are not persons subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Accordingly, Defendants Adams County Detention Facility and Adams County Sheriff's Office will be dismissed.

Mr. Lounsbury's due process allegations asserted in her tenth claim for relief must be dismissed because she fails to allege the deprivation of a constitutionally-protected liberty interest.   Prisoners may not be deprived of life, liberty or property

without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, Ms. Lounsbury does not have a liberty interest in discretionary classification decisions by prison officials. *See Cardoso v. Calbone*, 490 F.3d 1194, 1197-98 (10th Cir. 2007); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994) ("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison."). Moreover, the State has not afforded Plaintiff a liberty interest in her conditions of confinement unless the conditions "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir.1999) (applying *Sandin* to regulations concerning prison conditions). Plaintiff alleges that the "incentive" housing unit at the Adams County jail, which is available to minimum security inmates who maintain good behavior, "affords a more open living environment and privileges such as a microwave, recreation yard, large day space, carpet, and availability of additional commissary items." Compl., at 20. Ms. Lounsbury states that in August 2009, she was removed from the "incentive" housing unit by Defendant Hajao "without explanation" and returned to the D-2 housing unit. *Id.* Plaintiff's allegations that Defendant Hajao has refused to change her custody classification to a level that imposes *fewer* restrictions "in relation to the ordinary incidents of prison life" are insufficient as a matter of law to show that she was deprived of a constitutionally-protected liberty interest. *See Padilla v. Enzor*, 279 F. App'x. 606, 614 (10th Cir. 2008) (unpublished). As such, her due process claim will be dismissed.

Furthermore, Plaintiff's assertion in claim eleven that her cell was searched for no legitimate reason is based on an indisputably meritless legal theory because "the

Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." **Hudson v. Palmer**, 468 U.S. 517, 526 (1984).

Finally, Ms. Lounsbury cannot maintain a claim against the Defendants for violation of her constitutional right of access to the courts. Prisoners have a constitutional right of access to the courts which may require that prison officials provide prisoners with adequate law libraries or adequate assistance from persons trained in the law. *See Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977). However, an inmate alleging a constitutional violation must demonstrate that she suffered actual injury to her ability to pursue a non-frivolous legal claim. *See Lewis v. Casey,* 518 U.S. 343, 349 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir.1996);. Ms. Lounsbury asserts that her requests to use the law kiosk to perform legal research were frequently denied between September 2, 2009, and January 31, 2010, and that when she was given access to the kiosk, the Defendants failed to provide her sufficient time to conduct her research. Compl., at 23-24. As a result, Plaintiff states that she "was unable to conduct meaningful legal research into civil rights violations and was unable to access the courts to file a claim." *Id.* at 24. However, Plaintiff does not allege that Defendants hindered her legal research after January 31, 2010. She filed the instant action approximately two years later, on February 10, 2012. Ms. Lounsbury has not shown how the alleged deprivation of legal research time for approximately five months harmed her ability to pursue a non-frivolous legal claim. Accordingly, her claim that she was denied her constitutional right of access to the courts will be dismissed. Defendants Stack, Roth, and Fuller will also be dismissed as parties to this action because Plaintiff does not assert any other constitutional claims against those Defendants. *See Bennett v. Passic*,

545 F.2d 1260, 1262-63 (10th Cir. 1976) (personal participation by the named defendants in a constitutional deprivation is an essential allegation in a civil rights action).

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Ms. Lounsbury's remaining claims against Defendants Darr, Gregory, Linder, Hajao, Jacobucci, Caldwell, Foster, Rogers, Meeks, Lopez, Kondos, and Adams County Municipal Government do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Plaintiff's claims for denial of her constitutional right of access to the courts (claim 13), for deprivation of due process based on her housing assignment (part of claim 10), and for unlawful cell searches (part of claim 11), are dismissed. It is

FURTHER ORDERED that Defendants Adams County Detention Facility, Adams County Sheriff's Office, Stack, Roth, and Fuller are dismissed as parties to this action based on the Plaintiff's failure to allege their personal participation in a violation of Plaintiff's constitutional rights. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge. It is

DATED at Denver, Colorado, this  14th  day of     March       , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court