IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00362-DME-BNB

KARA L. LOUNSBURY,

Plaintiff,

v.

DOUGLAS DARR, Sheriff (sued in his individual & official capacity),
UNKNOWN PARTY, Deputy Sheriff (sued in his individual & official capacity),
UNKNOWN PARTY, Lieutenant Sheriff (sued in his individual & official capacity),
MELANIE GREGORY, Technical Services Manager (sued in her individual & official capacity),
UNKNOWN PARTIES, Sheriff's Deputies (sued in their individual & official capacities),
UNKNOWN PARTY, Mailroom Supervisor (sued in his individual & official capacity),
LINDER, Mailroom Technician (sued in his individual & official capacity),
OFFICER HAJAO, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER JACOBUCCI, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER CALDWELL, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER FOSTER, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER ROGERS, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER MEEKS, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER LOPEZ, Sheriff's Deputy (sued in his individual & official capacity),
OFFICER KONDOS, Sheriff's Deputy (sued in his individual & official capacity), and
ADAMS COUNTY MUNICIPAL GOVERNMENT (ACMG), County of Adams, Colorado,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter arises on the plaintiff's **Motion to Alter or Amend Complaint** [Doc. #12, filed 04/13/2012] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is currently incarcerated at the Denver Women's Correctional Facility. She filed her Complaint [Doc. #1] on February 10, 2012. The Complaint asserts fourteen claims based on alleged constitutional violations while she was a pre-trial detainee at the Adams County Detention Facility.

On March 14, 2012, the court dismissed several of the plaintiff's claims, including Claim Thirteen [Doc. #7]. Claim Thirteen alleges that the defendants violated the plaintiff's constitutional right to access the courts. In dismissing Claim Thirteen, the court stated:

> Prisoners have a constitutional right of access to the courts which may require that prison officials provide prisoners with adequate law libraries or adequate assistance from persons trained in the law. *See Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977). However, an inmate alleging a constitutional violation must demonstrate that she suffered actual injury to her ability to pursue a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996). Ms. Lounsbury asserts that her requests to use the law kiosk to perform legal research were frequently denied between September 2, 2009, and January 31, 2010, and that when she was given access to the kiosk, the Defendants failed to provide her sufficient time to conduct her research. Compl., at 23-24. As a result, Plaintiff states that she "was unable to conduct meaningful legal research into civil rights violations and was unable to access the courts to file a claim." *Id.* at 24. However, Plaintiff does not allege that Defendants hindered her legal research after January 31, 2010. She filed the instant action approximately two years later, on February 10, 2012. Ms. Lounsbury has not shown how the alleged deprivation of legal research time for approximately five months harmed her ability to pursue a non-frivolous legal claim. Accordingly, her claim that she was denied her constitutional right of access to the courts will be dismissed.

The plaintiff requests that Claim Thirteen be reinstated because she believes there has been "a misunderstanding of facts presented in [her] claim." She states that she was denied access to the law kiosk during the five months she was a pretrial detainee and that "denial of access by the Defendants violated her constitutional right to pursue her legal claims and by doing so, also forced her to remain in unlawful conditions for the remaining five months of detainment which could have been alleviated by the allowance of constitutionally protected Court access and injunction."

I construe the Motion as a motion to amend the Complaint. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

The plaintiff's additional allegations do not show how the alleged deprivation of legal research time for approximately five months harmed her ability to pursue a non-frivolous legal claim. As the court previously noted, the plaintiff was denied access to the law kiosk between September 2, 2009, and January 31, 2010. *Complaint*, p. 23. Although the plaintiff implies that she would have filed an action while in pretrial detention if she had access to the law kiosk, it is not plausible given the fact that she did not file this lawsuit until February 10, 2012--more than two years after she was released from pretrial detention. A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). Because the plaintiff's additional allegations do not plausibly support a claim for denial of access to the courts, her proposed amendment is futile.

I respectfully RECOMMEND that the Motion [Doc. # 12] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 7, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge