**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00362-DME-BNB

KARA LOUNSBURY,

       Plaintiff,

v.

DOUGLAS DARR, et al.,

       Defendants.

---

**ORDER**

---

       This matter comes before the Court on Plaintiff Kara Lounsbury's letter to the Court, dated February 20, 2013.  (Doc. 74.)  Liberally construing that letter, see <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the Court treats it as an objection to the Court's referral of Defendants' summary judgment motion to the magistrate judge and overrules that objection.  The Court acknowledges that Lounsbury has not consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c).  But the Court referred Defendants' summary judgment motion to the magistrate judge for a recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1).  (Docs. 10, 64.)  Once the magistrate judge makes his recommendation, this Court will review it, along with any timely objections to the recommendation filed by the parties.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Lounsbury's consent is not required for this type of referral to the magistrate judge because the magistrate judge will be making only recommendations to this Court.

In her letter, Lounsbury also asserts that the magistrate judge has never ruled on one of her motions for an extension of time.  Lounsbury appears to be referring to her "Response to Order and Motion for Extension of Time for Discovery," dated December 21, 2012.  (Doc. 61.)  The Court never referred that motion to the magistrate judge but will grant that motion now, giving Lounsbury until March 11, 2012, to complete discovery.

Lounsbury further indicates that the magistrate judge never sent her a copy of Defendants' summary judgment motion.  But Defendants' certificate of service states that they mailed Lounsbury a copy of that motion on January 11, 2013.  (Doc. 63 at 21.)

Lastly, Lounsbury inquires whether she will receive "'notice of the requirements of the summary judgment rules' from the court." (Doc. 74.)  It is unclear from what Lounsbury is quoting or to what she is referring.  But the Court knows of no such "notice," and Lounsbury should expect none.  Pro se litigants remain responsible for complying with the relevant rules of procedure.  See Shrader v. Biddinger, 633 F.3d 1235, 1249 n.9 (10th Cir. 2011); Abdulhaseeb v. Calbone, 600 F.3d 1301, 1310 (10th Cir. 2010).

For the foregoing reasons, Lounsbury's objection to the referral of Defendants' summary judgment motion to the magistrate judge (Doc. 74) is DENIED, but her motion for an extension of time to complete discovery (Doc. 61) is GRANTED in part.

Dated this ___4th___ day of _____March__, 2013.

BY THE COURT:

*s/ David M. Ebel*

_____
U. S. CIRCUIT COURT JUDGE